**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30088 |
| Plaintiff-Appellee, | D.C. No. 2:06-cr-00212-JLR |
| v. | |
| PAWEL SEBASTIAN SZKUTNIK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 13, 2018[**]

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Pawel Sebastian Szkutnik appeals from the district court's judgment and

challenges the 16-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Szkutnik contends that the district court procedurally erred by failing to use

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Guidelines range as the starting point at sentencing, instead sentencing him based on a determination made at a previous hearing.  Szkutnik also argues that the court failed to explain the sentence adequately.  We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.  The record reflects that the court considered the uncontested Guidelines range, but concluded that an above-Guidelines sentence was warranted in light of Szkutnik's poor performance on supervised release.  The court's explanation was sufficient.  *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc).  Moreover, the court's imposition of a 16-month sentence belies Szkutnik's argument that the court placed undue reliance on its remark at a prior revocation hearing that any future violations would result in an 18-month sentence.

Szkutnik also contends that the sentence is substantively unreasonable.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The 16-month sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Szkutnik's history on supervised release and failure to be deterred by prior prison terms.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-30088